7493

### STATE v. DAWSON.

1. DEFINING ASSAULT AND BATTERY as intentionally shooting another
   when one has no right to do it, is not error.
2. CHARGE—SELF-DEFENSE.—It is not necessary to immediately follow
   the instruction that the burden is on defendant to establish the plea
   of self-defense with the instruction that it is incumbent on the State
   to establish every material allegation in the indictment beyond a
   reasonable doubt, but it is enough if the points are covered in the
   charge.

Before SHIPP, J., Abbeville, September, 1909.   Affirmed.

Indictment against Albert Dawson for assault and bat-
tery with intent to kill.   Defendant appeals from sentence.

*Messrs. Moore & Mars,* for appellant.

*Solicitor R. A. Cooper,* contra.

March 15, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Appellant was convicted of assault and battery with intent to kill, and carrying a concealed weapon.

In defining an assault and battery, the trial Judge charged, that if one intentionally shoots another with a pistol, and has no right to do it, he is guilty of an assault and battery. Error is assigned in that it was not charged that a a person would not be guilty of assault and battery, under such circumstances, if he shot in self-defense. It will be noticed that his Honor did charge, if one shoots another intentionally *and has no right to do it,* he is guilty of assault and battery. If one shoots another in self-defense (legally made out), he has a right to do it. But there would have been no error if his Honor had omitted the words italicized, in that connection, for he was then merely defining an assault and battery; and he subsequently charged fully and correctly the law of self-defense.

This disposes, also, of the second exception, which was upon the same alleged ground of error in the definition of manslaughter.

The third exception complains of error in charging that the burden was upon the defendant to establish the plea of self-defense by the greater weight of evidence, without charging, in that connection, that the State must prove every material allegation of the indictment beyond a reasonable doubt. His Honor did charge: "The defendant is entitled to the benefit of every reasonable doubt in the case."

The Judge could not have charged all the law applicable to the case in a single proposition. *Humphreys* v. *R. R.,* 84 S. C., 202, 65 S. E. R., 1051.

The charge was clear, in logical sequence, and free from error.

Judgment affirmed.